UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEGACY FUNERAL GROUP, LLC,<br>　　Plaintiff | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION  4:19-cv-04686 |
| ANTHONY JOSEPH DAMIANO AKA A.<br>J. DAMIANO, INDIVIDUALLY, AND<br>LEGACY FUNERAL SERVICES, LLC<br>DBA LEGACY FUNERAL SERVICES<br>AKA HERITAGE CREMATION<br>PROVIDERS,<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORIGINAL COMPLAINT

1.　Plaintiff Legacy Funeral Group, LLC ("Legacy") asserts claims against Defendants Anthony Joseph Damiano aka A. J. Damiano, Individually, and Legacy Funeral Services, LLC dba Legacy Funeral Services aka Heritage Cremation Providers (collectively "Defendants") for trademark infringement under federal and state law, unfair competition, false designation of origin, violations of the Texas Anti-Dilution statute and Texas Business and Commerce Code and seeks a permanent injunction, damages, its attorney's fees and costs, and such other relief as the Court deems just and proper.

## PARTIES

2.　Plaintiff Legacy Funeral Group, LLC is a limited liability company organized under the laws of the State of Texas and maintains its principal offices at 3103 Sackett St., Houston, Texas 77098-2016.

3.　Defendant Anthony Joseph Damiano aka A. J. Damiano is an individual residing at 9800

1

Mount Pyramid Court, Denver, Colorado 80112.

4. Defendant Legacy Funeral Services, LLC dba Legacy Funeral Services aka Heritage Cremation Providers is a Colorado limited liability company organized under the laws of the State of Colorado and maintains its principal offices in Houston, Texas. Its registered agent is Joseph Damiano, whose address is also 9800 Mount Pyramid Court, Denver, Colorado 80112.

## JURISDICTION AND VENUE

5. The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

6. The Court has personal jurisdiction over Defendants because, upon information and belief, they have deliberately directed their activities to Texas in the form of conducting business with entities located within the Southern District of Texas using Legacy's marks. Further, upon information and belief, Defendants have engaged in other activities in Texas using Legacy's marks. Defendant has set up a call center in Houston and is claiming that Houston is its principal place of business.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) because, as set forth more fully below, a substantial part of the events or omissions giving rise to Legacy's claims in this matter occurred in the Southern District of Texas, and Defendant has established its principal place of business.

## FACTS COMMON TO ALL CLAIMS
### Legacy and its Marks

8. Legacy Funeral Group, LLC is a nationwide leader in providing funeral services and products. Since 2002, Legacy has conducted business throughout the United States and is currently

registered, directly or through affiliates, to do business in nine states to provide a broad range of funeral services and products, including cremations, mortuary services, burials and cemetery plots. Legacy has advertised and marketed its products throughout the nation under its Legacy marks, including both word marks and design marks including its inherently distinctive tree.

9. Because of the considerable efforts that Legacy Funeral Group has expended in offering and promoting quality services and products under its Legacy marks, as well as the high quality of its Legacy services and products and their success in the marketplace, the Legacy marks have earned considerable goodwill among consumers, funeral industry market participants, and others.

10. Legacy has expended substantial resources marketing and maintaining the strength of its brand and as a result, consumers as well as others within the funeral business have developed a strong association between the Legacy name and logo and the high-quality services it offers. Further, to protect its brand while promoting its services, Legacy has registered the following trademarks with the United States Patent & Trademark Office ("USPTO") or the Texas Secretary of State, all of which are valid, subsisting, and in full force and effect (collectively, the "Legacy Marks"):

| **MARK** | **REGISTRATION NO. AND DATE** | **GOODS AND SERVICES** |
|---|---|---|
| LEGACY FUNERAL GROUP (with tree design) | 801109442 (TX) May 7, 2009 | Own and operate funeral homes and provide funeral care and services |

| MARK | REGISTRATION NO. AND DATE | GOODS AND SERVICES |
|---|---|---|
| LEGACY FUNERAL GROUP | 801109445 (TX) May 7, 2009 | Own and operate funeral homes and provide funeral care and services |
| LEGACY FUNERAL GROUP (with tree logo) | 4687822 (US) February 17, 2015 | Funeral Homes, Funeral Arrangement Services |
| LEGACY FUNERAL GROUP | 4532818 (US) May 20, 2014 | Funeral Homes, Funeral Arrangement Services |
| LEGACY FUNERAL SERVICES | 4532819 (US) May 20, 2014 | Funeral Homes, Funeral Arrangement Services |

11.     The Legacy Marks are highly distinctive assets which constitute evidence of Legacy's ownership and its exclusive right to use the them in commerce in connection with the identified services pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b).

**Defendants' Infringing Activities**

12.     In 2013, the Defendant, Anthony Joseph Damiano and his company Funeral Services Provider, LLC, through the domains <legacyfuneral.com> and <funeralservicesprovider.com>, began marketing the provision of funeral services and cremation, using the following logo and name, which clearly infringed on Plaintiff Legacy Funeral Group's marks:

| DEFENDANT'S INFRINGMENT | PLAINTIFF'S REGISTERED MARKS |
|---|---|
|  |  |

and

LEGACY FUNERAL SERVICES

13. Defendant Damiano prominently displayed the infringing logo on the header of his company's website. On September 10, 2013, Plaintiff wrote Defendant Damiano, advising that his company's use of the mark was infringing on the Legacy Marks, and providing documentation of the validity and existence of the Legacy Marks. Defendant Damiano advised Plaintiff that he would cease using the infringing mark, and did so, for a period of time.

14. Plaintiff discovered in 2019 that the Defendants, Anthony Joseph Damiano and Legacy Funeral Services, LLC, through the domain <legacycremationservices.com>, had resumed marketing the provision of funeral services and cremation, and were again using the logo and name Defendant Damiano had used in 2013, which clearly infringes on Plaintiff Legacy Funeral Group's marks:

| DEFENDANTS' INFRINGMENT | PLAINTIFF'S REGISTERED MARKS |
|---|---|
|  |  |

| DEFENDANTS' INFRINGMENT | PLAINTIFF'S REGISTERED MARKS and |
|---|---|
|  | LEGACY FUNERAL SERVICES |

15.    Defendants prominently display the infringing logo on the header of every page of their website. There is a likelihood of confusion between these marks: both use the same words "Legacy Funeral Services;" both prominently display a tree with branches and roots that form the same visual impression; the wording and tree design are nearly identical in nature; and the products and services being offered under these marks are identical in many respects. Both Plaintiff and Defendants offer funeral and cremation services.

16.    Plaintiff Legacy Funeral Group has already encountered actual confusion in the marketplace and instances of confusion, with its customers and business contacts expressing confusion and making inquiries regarding the Defendants' website and related advertising in geographical regions in which Plaintiff has substantial operations. Moreover, the customers and potential customers in their time of grief are less likely to discern the differences between the marks and are more likely to be confused by Legacy Funeral Services, LLC confusingly similar use of this mark. As examples, unhappy customers of Defendant have called Plaintiff complaining, under the impression that Plaintiff provided them services. Cremation providers have not only sent Plaintiff invoices for cremations performed at Defendants' request, but have complained to Plaintiff when Defendant has not paid its bills for cremations.

17.    As a result, on or about September 25, 2019, Legacy contacted Defendants by letter, requesting that they cease and desist from any further infringement upon the Legacy Marks in connection with their services. When considering that Legacy and Defendants operate within the same industry, offer similar services in conjunction with the overlap of existing and prospective

clients, as well as the inability for certain websites to distinguish between them as a result of the unauthorized use, adoption and infringement upon the Legacy Marks in commerce, Defendants' actions are likely to cause confusion, mistake and deception within the relevant market and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Legacy's business, reputation and goodwill in its federally registered trademarks. Defendants are illegally operating in many states without the respective states' requisite funeral home licenses.

18. Since Defendant Damiano was made aware of the Legacy Marks in 2013 and agreed to stop using his infringing mark, Defendants were clearly aware in 2019 that use of the same mark would be willful infringement of the Legacy Marks.

## CLAIM ONE
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

19. Legacy incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants have infringed upon the Legacy Marks in interstate commerce by various acts, including, without limitation, the adoption, sale and marketing of services similar to those offered by Legacy bearing the infringing marks.

21. Defendants' adoption and use of the infringing marks is without permission or authority from Legacy and has caused and is likely to cause further confusion, mistake and/or deceive those in the relevant market.

22. Defendants adopted and used the infringing marks in connection with services similar to those of Legacy notwithstanding Legacy's well-known and prior established rights in the registered trademarks and with both actual and constructive notice of Legacy's registrations under 15 U.S.C. §1072.

23. By engaging in the complained-of conduct, Defendants used in commerce, without the consent of Legacy, a reproduction, counterfeit, copy or colorable imitation of the registered

trademarks and/or reproduced, counterfeited, copied or colorably imitated the registered trademarks or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademarks to its website and other tangible items intended to be used in commerce or reach consumers in violation 15 U.S.C. §1114.

24. The conduct of Defendants has been and continues to be willful, entitling Legacy to damages including statutory and trebled damages.

25. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Legacy, its business, its reputation and goodwill because Legacy has no adequate remedy at law.

## CLAIM TWO
## INFRINGEMENT OF COMMON LAW TRADEMARKS AND TRADE NAME

26. Legacy incorporates by reference the allegations set forth in the preceding paragraphs.

27. By engaging in the aforementioned conduct, Defendants have infringed upon Legacy's common law trademarks and trade name.

28. Defendants' infringement of Legacy's common law trademarks and trade name has been and continues to be willful, entitling Legacy to damages, including statutory damages.

29. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Legacy, its business, its reputation and goodwill because Legacy has no adequate remedy at law.

## CLAIM THREE
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. §1125(a)

30. Legacy incorporates by reference the allegations set forth in the preceding paragraphs.

31. Defendants' adoption and use of the infringing marks constitutes a false designation of origin and/or a false and misleading description of their services and is likely to cause confusion,

cause mistake and/or to deceive as to the affiliation, connection or association of Legacy or as to the origin, sponsorship or approval of the services of Legacy in violation of 15 U.S.C. §1125(a).

32. The conduct of Defendants has been and continues to be willful, entitling Legacy to damages, including statutory and trebled damages. Further, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of their unlawful conduct.

33. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Legacy, its business, its reputation and goodwill because Legacy has no adequate remedy at law.

## CLAIM FOUR
## VIOLATION OF THE TEXAS ANTI-DILUTION STATUTE

34. Legacy incorporates by reference the allegations set forth in the preceding paragraphs.

35. The Legacy Marks are distinctive.

36. Defendants' use and continued use of the infringing marks will cause blurring or tarnishing of the Legacy Marks.

37. The conduct of Defendants has been and continues to be willful, entitling Legacy to damages including statutory and trebled damages.

38. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Legacy, its business, its reputation and goodwill because Legacy has no adequate remedy at law.

## CLAIM FIVE
## STATE UNFAIR COMPETITION PURSUANT TO
## TEXAS BUS. & COMM. CODE § 16.29

39. Legacy incorporates by reference the allegations set forth in the preceding paragraphs.

40. The actions of Defendants constitute unfair competition in violation of the law of the State

of Texas because they were calculated to deceive the relevant market into accepting and purchasing Defendants' services on the mistaken belief that they are Legacy's services, or that they are sponsored by, connected with, or supplied under the supervision of Legacy.

41. Defendants' adoption and unauthorized use of the Legacy Marks constitutes unfair competition. By such use, Defendants have represented that their services are actually those supplied by Legacy and create a likelihood that the relevant market will be confused or deceived.

42. Defendants' actions constitute dilution, unfair competition, unjust enrichment and misappropriation of Legacy's rights under Tex. Bus. & Comm. Code, §16.29 and the common law of the State of Texas. Such actions permit, and will continue to permit, Defendants to use and benefit from the goodwill and reputation earned by Legacy to readily obtain acceptance of the services offered, all at Legacy's expense.

43. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Legacy, its business, its reputation and goodwill because Legacy has no adequate remedy at law.  Defendant has even set up a call center in Houston and is claiming that Houston is its home office.

## CLAIM SIX
## COMMON LAW UNFAIR COMPETITION

44. Legacy incorporates by reference the allegations set forth in the preceding paragraphs.

45. Defendants' activities complained of constitute common law unfair competition under Texas common law in that they are likely to cause the relevant market to believe that Defendants' services originate from the same source as, or are sponsored or approved by Legacy, or that there is an association, affiliation or connection between Defendants and Legacy.

46. Defendants' activities have caused and, unless enjoined by this Court, will continue to

cause, irreparable injury and other damages to Legacy, its business, its reputation and goodwill because Legacy has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Legacy Funeral Group, LLC prays that after due proceedings, the Court:

(a) enter judgment against Defendants on all claims;

(b) enter a permanent injunction restraining Defendants, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from infringing upon the Legacy Marks in connection with their business;

(c) direct an accounting audit to determine Defendants' profits resulting from the activities complained of herein, and that such profits be paid over to Legacy;

(d) award all damages sustained as a result of Defendants' infringement and unfair competition, and that said damages be trebled;

(e) award all statutory damages, costs and fees as provided for in 15 U.S.C. § 1117(d), and applicable Texas Statutes; and

(f) grant to Legacy such other relief as the Court deems just and proper.

Dated:  December 2, 2019          Respectfully submitted,

_____
Carl R. Dawson
SBN 05599100
Southern District Number 16860
Ryan & Dawson
770 South Post Oak Ln., Ste. 600
Houston, Texas 77056
Tel: (713) 960-1555
Fax: (713) 960-8491
email: cdawson@rdlaw.com

ATTORNEYS FOR PLAINTIFF
LEGACY FUNERAL GROUP, LLC

S:\Shared Folders\HOUSTON\Legacy Funeral Group\Pleadings Motions\Legacy Funeral Group - 2019-10-31 - Complaint - DRAFT.docx

11